UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>Plaintiff,<br><br>V.<br><br>BERNARD V. TEW, et al.,<br><br>Defendants. | ) | Civil Action No. 5: 19-201-DCR<br><br>**MEMORANDUM ORDER** |

*** *** *** ***

Plaintiff Branch Banking and Trust Company ("BB&T") initiated this action against Defendants on May 7, 2019. [Record No. 1] The allegations in the Complaint concerned amounts owed pursuant to a Promissory Note held by BB&T. [*Id.*] The Court subsequently entered a Consent Judgment in BB&T's favor on September 13, 2019. [Record No. 27] Over one year after entry of the Consent Judgment, on September 25, 2020, BB&T (now named TRUIST Bank) assigned the Promissory Note to LSC2020, LLC ("LSC2020"). [Record No. 30-1] LSC2020 has now filed a motion to be substituted as plaintiff in this action. [Record No. 30]

Federal Rule of Civil Procedure 25 governs requests to substitute a party after commencement of an action. It states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the

lawsuit." *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) (citations omitted).

Whether to grant a motion to substitute is "within the discretion of the district court." *Bamerilease Capital Corp. v. Nearburg*, 948 F.2d 150, 154 (6th Cir. 1992) (citing *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988)). The Court must determine whether "the transferee's presence would facilitate the conduct of the litigation." 7C Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1958 (3d ed. 2007); *see also Luxliner P.L. Export*, 13 F.3d at 71–72 ("Rule 25(c) . . . is merely a procedural device designed to facilitate the conduct of a case."). Substitution "has no bearing on the substantive relationship between the parties." *Comm'ns Imp. Exp., S.A. v. Republic of Congo*, 118 F. Supp. 3d 220, 231 (D.D.C. 2015). Whether a transferee is substituted into the action or not, "the judgment will be binding" on it. *Luxliner*, 13 F.3d at 71.

A final judgment, standing alone, does not prevent a court from granting motions to substitute. *See, e.g.*, *Luxliner*, 13 F.3d at 71 ("[S]ubstitution has been upheld even after litigation has ended as long as the transfer of interest occurred during the pendency of the case."). Generally, "a court can substitute parties, even after judgment, where substitution of a party is necessary for enforcement of the judgment." *Greater Potater Harborplace, Inc. v. Jenkins*, 935 F.2d 267 (Table) (4th Cir. 1991) (citations omitted).

With this guidance, and after reviewing LSC2020's motion, the Court determines that substitution is not necessary in this case. LSC2020 does not contend that it will be necessary for the Court to enforce the Consent Judgment. Rather, it simply asserts that it is "the real party in interest" due to its ownership of the Promissory Note. [Record No. 30, ¶ 5] But Rule 25(c) is a tool used to facilitate litigation, not to confirm the assignment of ownership. It "has

no bearing on the substantive relationship between the parties." *Comm'ns Imp. Exp., S.A.*, 118 F. Supp. 3d at 231. Unless a need to enforce the Consent Judgment arises, this matter is no longer pending before the Court. To put it simply, there is currently no litigation to be facilitated by a Rule 25(c) substitution. Accordingly, it is hereby

**ORDERED** that LSC2020, LLC's Motion to Substitute Plaintiff [Record No. 30] is **DENIED**, without prejudice.

Dated: October 23, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky